United States District Court
Eastern District of Michigan
Southern Division

United States of America,

   Plaintiff,

            Hon. David M. Lawson

v.

            Case No. 21-20644

Bethann Kierczak,

   Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Bethann Kierczak, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

The defendant will plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with felony Theft of Government Property under 18 U.S.C. § 641.

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which she is pleading guilty carry the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | 10 years |
|---------|------------------------|----------|
|         | Fine: | $250,000 |
|         | Term of supervised release: | 3 years |

## 3.    Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case.

## 4.    Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct reflected in the Indictment.

## 5.    Elements of Count of Conviction

The elements of Count 1 are:

1.    The money or property described in the information belonged to the United States or one of its Agencies;

2.    The defendant stole, purloined, or converted the money or property to her own use or to someone else's use;

3.     The defendant acted knowingly and willfully with the intent to deprive the government of the use or benefit of the money or property; and

4.     The aggregate value of the money or property was greater than $1000.

## 6.    Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Beginning in or around June 2021 and continuing until at least September 20, 2021, in the Eastern District of Michigan, defendant Bethann Kierczak, with the intent to deprive, knowingly and willfully did embezzle, steal, purloin, and knowingly convert to her use and the use of another, and without authority did sell, convey, and dispose of, a thing of value of the United States and an agency thereof, with an aggregate value exceeding $1,000; all in violation of 18 U.S.C. § 641.

Specifically, in the course of her employment as a nurse working at the John D. Dingell VA Medical Center, Kierczak stole or otherwise converted to her use a quantity of Covid-19 Vaccination Record Cards,

which she then resold—either directly or through intermediate purchasers—for $150 to $200 each.

For purposes of the plea and guideline calculations, the parties agree that the aggregate value of the cards that Kierczak stole or converted was more than $1,000 but less than $6,500.

## 7.    Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with her attorney, and understands the crime(s) charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the

defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to

have the jury informed that it may not treat that choice as

evidence of guilt;

H.     The right to present evidence or not to present evidence at

trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

8.     **Collateral Consequences of Conviction**

The defendant understands that her conviction here may carry

additional consequences under federal or state law. The defendant

understands that, if she is not a United States citizen, her conviction

here may require her to be removed from the United States, denied

citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of

her conviction here may include, but are not limited to, adverse effects

on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold

certain licenses or to be employed in certain fields. The defendant

understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any potential consequences from her conviction.

## 9. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense(s) to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a

lack of acceptance of responsibility as defined in USSG § 3E1.1—the
government will be released from its obligations under this paragraph,
will be free to argue that the defendant not receive *any* reduction for
acceptance of responsibility under USSG § 3E1.1, and will be free to
argue that the defendant receive an enhancement for obstruction of
justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal
Procedure 11(c)(1)(B) that the following guideline provisions apply:

- § 2B1.1(a)(2) – Base Offense Level: 6

- § 2B1.1(b)(1)(A) – Loss less than $6,500
  (No increase to offense level)

- § 3B1.3 – Abuse of position of trust
  (Increase offense level by 2)

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing
purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any
position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.   Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 10.   Imposition of Sentence

### A.   Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

## B.    Imprisonment

### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed 6 months.

### 2.    No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

## C.    Supervised Release

### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 2-year term of supervised release.

### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation.    The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and

3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F.    Forfeiture**

There is no agreement as to forfeiture.

**G.    Special Assessment**

The defendant understands that she will be required to pay a special assessment of $100, due immediately upon sentencing.

**11.    Appeal Waiver**

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 6 months, the defendant also waives any right she may have to appeal her sentence on any grounds.

**12.    Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**13.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw her guilty plea(s), or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**14.   Use of Withdrawn Guilty Plea**

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

15. **Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

16. **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**17.   Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in

the United States Attorney's Office by 5:00PM on December 6, 2021.

The government may withdraw from this agreement at any time before

the defendant pleads guilty.

JOHN
NEAL

Digitally signed by
JOHN NEAL
Date: 2021.11.16
15:55:34 -05'00'

Saima S. Mohsin
Acting United States Attorney

_____        _____
John K. Neal                                                     Ryan A. Particka
Chief, White Collar Crime Unit                     Assistant U.S. Attorney
Assistant U.S. Attorney

Dated: November 15, 2021

By signing below, the defendant and her attorney agree that the
defendant has read or been read this entire document, has discussed it
with her attorney, and has had a full and complete opportunity to
confer with her attorney. The defendant further agrees that she
understands this entire document, agrees to its terms, has had all of her
questions answered by her attorney, and is satisfied with her attorney's
advice and representation.

_____ 6/16/22        _____ 06/16/22
Stefanie Lambert                                        Bethann Kierczak
Attorney for Defendant                            Defendant

Dated: